UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANNIE McDONALD,

        Plaintiff,                      CIVIL ACTION NO. 06-14197

        v.                             DISTRICT JUDGE BERNARD A. FRIEDMAN

COMMISSIONER OF                MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This Social Security case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated herein, the court recommends that the Commissioner's motion be granted and that plaintiff's motion be denied.

### II. Background

On November 20, 2002, plaintiff filed an application for Social Security Disability Insurance Benefits alleging that she is disabled due to her physical condition, with a disability onset date of July 3, 2002. (Tr. 52-54, 70) Plaintiff has a high school education, with a work history including employment as a production assembler. (Tr. 71, 404)

The Social Security Administration (SSA) denied plaintiff's claims on initial review. (Tr. 39-43) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 44)

-1-

The hearing was held on November 16, 2004, before ALJ John A. Ransom. (Tr. 401-415) Plaintiff, represented by counsel, appeared and testified at the hearing. The ALJ also took testimony from a vocational expert (VE).

On March 22, 2005, the ALJ issued a decision denying plaintiff's claim. (Tr. 17-29) The ALJ determined that plaintiff had "degenerative disc disease, status post right shoulder surgery, wrist tendonitis, degenerative joint disease of the bilateral knees and left shoulder, personality disorder and cannabis dependence." (Tr. 28) The ALJ further determined that plaintiff's impairments were collectively "severe" withing the meaning of 20 C.F.R. § 404.1520(a)(4)(ii), but that she did not have an impairment or combination of impairments that met or equaled any impairment listed in Subpart P, Appendix 1 of the Social Security Regulations. (Tr. 28) In addition, the ALJ found that plaintiff retained the following residual functional capacity (RFC):

> a limited range of light exertion work with restrictions of a sit/stand option, no repetitive bending, twisting, turning, pushing, pulling, gripping, grasping or reaching, no crawling, squatting, kneeling or climbing, no air or vibrating tools, limited contact with the public, simple, routine and repetitive job tasks that are low stress, not capable of work requiring close attention to detail, requiring occasion supervision, and not capable of work at more than a regular pace. [Tr. 28]

On the basis of plaintiff's RFC, the ALJ concluded that, while plaintiff is unable to perform any of her past relevant work, she retained the ability to perform a significant range of light work[1]

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, a plaintiff must have the ability to do

and there were a significant number of jobs in the national economy that she could perform. (Tr. 28) Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act. (Tr. 28) Plaintiff was 46 years-old at the time of the ALJ's decision. (Tr. 21)

Following the ALJ's denial of her claim, plaintiff filed a request for review of the decision with the SSA's Appeals Council. (Tr. 13) The Appeals Council denied the request on August 5, 2006. (Tr. 5-8) The ALJ's decision thus became the final decision of the Commissioner.

On September 25, 2006, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, the parties have filed cross-motions for summary judgment. Plaintiff claims that the ALJ erred as a matter of law by failing to properly evaluate the medical records contained in the evidence and by forming an inaccurate hypothetical that did not accurately portray plaintiff's impairments. The Commissioner contends that the disability determination is supported by substantial evidence and should thus be affirmed.

### III. Legal Standards

#### A. Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or

---

substantially all of those activities. 20 C.F.R. § 404.1567(b).

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that she is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate Social Security Disability claims. See 20 C.F.R. § 404.1520. As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

**B. Standard of Review**

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brainard, 889 F.3d at 681. Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

**IV. Analysis**

At the hearing, the ALJ posed hypothetical questions to the VE regarding the ability of an individual of plaintiff's age, education, work experience, and RFC to engage in substantial gainful activity. Specifically, the ALJ asked the VE to assume that such a person:

> could perform light work, that she'd require a job with a sit/stand option, no repetitive bending, twisting, or turning, pushing,

-5-

> pulling, gripping, grasping or reaching. No crawling, squatting, kneeling or climbing. No air or vibrating tools, limited contact with the public, and would need to be simple repetitive work, not requiring close attention to detail with occasional supervision and regular pace work that is routine and low stress. [Tr. 412]

In response to the hypothetical, the VE testified that, while such a person could not perform her past relevant work, she could perform both light and sedentary work. The VE also testified that the individual could work as a general office clerk, an assembler limited to offline bench work, a sorter, a surveillance system monitor, and a sedentary level assembler. The VE further testified that approximately 30,600 such jobs existed in the regional economy. (Tr. 413) Based on that testimony, the ALJ concluded that plaintiff was not disabled.

Where an ALJ poses a hypothetical question to a VE that fully and accurately incorporates a claimant's physical and mental limitations, and the VE testifies that a person with such limitations is capable of performing a significant number of jobs in the national economy, such testimony is sufficient to support a finding that the claimant is not disabled. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987). Conversely, where the hypothetical does not paint an accurate picture of the claimant's limitations, the VE's testimony cannot support such a finding. The ALJ is not required to specifically refer to a claimant's medical conditions in the hypothetical. Webb v. Commissioner of Social Security, 368 F.3d 629 (6th Cir. 2004). Further, the ALJ is not required to include in a hypothetical unsubstantiated allegations and complaints. The hypothetical "need only include the alleged limitations of the claimant that the ALJ accepts as credible and that are supported by the evidence." Delgado v. Commissioner of Social Security, 30 Fed.Appx. 542, 548 (6th Cir. 2002).

In this case, plaintiff argues that the hypothetical was inaccurate because it failed to incorporate all of her physical limitations. Plaintiff's argument that the hypothetical was inaccurate is entirely dependent on her argument that ALJ erred in failing to include a portion of Dr. Paul Liu's findings into plaintiff's limitations.

In Dr. Liu's Mental RFC Assessment of plaintiff, he found, among other things, that plaintiff suffered a moderate limitation in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (Tr. 263) Plaintiff argues that the ALJ erred by not incorporating that limitation into the hypothetical posed to the VE.

While not plaintiff's treating physician, Dr. Liu is an acceptable medical source who provided a medical opinion reflecting a judgment as to the nature and severity of plaintiff's impairment. 20 C.F.R. § 404.1527(a)(2). As such, the ALJ should have considered it and given it the appropriate weight on the basis of factors set forth in the regulations. 20 C.F.R. § 404.527, SS-R 96-2p, SS-R 96-6p. In this case, the plaintiff argues that the ALJ failed to address Dr. Liu's report or determine how much weight should be given to it. Contrary to what plaintiff argues, the ALJ did discuss Dr. Liu's report. The ALJ wrote that it

> has considered the opinions of the State Agency physicians. However, they are non-treating and non-examining sources and as such their opinions are given less weight than that of non-treating and examining sources. Further, their assessment of the claimant's residual functional capacity is inconsistent with the objective evidence of record. [Tr. 26]

Dr. Liu was one of the State Agency physicians referred to by the ALJ and, therefore, plaintiff's claim that the ALJ completely failed to address Dr. Liu's opinion is without merit.

To the extent that plaintiff is arguing that the ALJ erred in not accepting Dr. Liu's conclusion, substantial evidence supports the ALJ's determination. Dr. Liu's opinion is not controlling in this case. As noted by plaintiff in her brief, treating physicians' opinions are given controlling or substantial deference when supported by objective medical evidence and consistent with the record as a whole. Warner v. Commissioner of Social Sec., 375 F.3d 387, 390 (6th Cir. 2004); 20 C.F.R. § 404.1527(d)(2). Dr. Liu is not, however, a treating physician whose opinions are given controlling deference. A "treating source" given deference is the plaintiff's "own physician, psychologist, or other acceptable medical source who provides [plaintiff], or has provided [plaintiff], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [plaintiff]. 20 C.F.R. § 404.1502. Dr. Liu never provided plaintiff with medical treatment, nor did he ever have an ongoing treatment relationship with plaintiff.

Beyond alleging a memory problem and that her life is emotional, plaintiff never testified at her hearing as to having any mental impairments. (Tr. 403-411). Plaintiff has been seeing a psychiatrist for four years, but no reports from that psychiatrist were put in the record for dates subsequent to plaintiff's disability onset date. (Tr. 142-160)

Dr. Gordon Forrer performed a consultative psychological exam on plaintiff and concluded that plaintiff displays no outward signs of depression and is pleasant, agreeable, and cooperative. Plaintiff did not appear hostile, irritable, or anxious to Dr. Forrer. Dr. Forrer did

not find that plaintiff could not complete a normal workday or workweek without interruption or perform at a consistent pace without unreasonable rest periods. (Tr. 170-184)

Plaintiff has a relatively active lifestyle, including yardwork, doing laundry, washing dishes, driving, shopping, preparing meals, playing bingo, doing crossword puzzles, reading for two or three hours at a time, and visiting family members. (Tr. 90-101)

Substantial evidence is "more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brainard, 889 F.3d at 681. In this case, a reasonable mind would accept that plaintiff's testimony, daily activities, and Dr. Forrer's report constitute relevant evidence adequate to support the ALJ's rejection of one of Dr. Liu's conclusions.

As discussed above, where an ALJ poses a hypothetical question to a VE that fully and accurately incorporates a claimant's physical and mental limitations, and the VE testifies that a person with such limitations is capable of performing a significant number of jobs in the national economy, such testimony is sufficient to support a finding that the claimant is not disabled. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987).

Here, plaintiff has failed to persuade the court that the hypothetical the ALJ posed to the VE did not paint an accurate picture of the extent of her mental limitations and the court finds, based upon a review of the record as a whole, that the hypothetical question the ALJ posed to the VE was reasonably accurate. Accordingly, the VE's testimony is sufficient to support the ALJ's determination that plaintiff is not disabled.

## V. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan<br>
VIRGINIA M. MORGAN<br>

Dated: May 17, 2007         UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation on case 06-14197 was served upon counsel of record via the Court's ECF System and/or U. S. Mail on May 17, 2007.

                                                s/Jane Johnson
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan